IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, as Trustee of the FOOTHILL PINE 20923 LAND TRUST,<br><br>    PLAINTIFF<br><br>V.<br><br>CHASE HOME FINANCE, L.L.C.,<br><br>    DEFENDANT | §§§§§§§§§§§§ | No. 5:15-CV-019-RP |

## ORDER

Before the Court is JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment, filed on May 11, 2015 (Clerk's Dkt. #8). Kingman Holdings, LLC, as Trustee of the Foothills Pine 20923 Land Trust ("Plaintiff"), has not filed a response to the motion.

## BACKGROUND

This lawsuit arises from Plaintiff's purchase of certain real property in Bexar County at a foreclosure sale on May 6, 2014 (the "Property"). On November 18, 2014, Plaintiff brought this action in the 408th Judicial District Court for Bexar County, Texas seeking a judgment quieting title and declaring Plaintiff's ownership of the Property free and clear of any liens or other encumbrances.

Plaintiff's Original Petition identified Defendant as "Chase Home Finance, L.L.C., a foreign limited liability company which terminated its registration to do business in Texas by virtue of an instrument filed with the secretary of state on May 16, 2011." Pursuant to Texas Civil Practices & Remedies Code §§17.044 and 17.045, Plaintiff served process on the Texas Secretary of State, directing process be forwarded to "President, Chase Home Finance, L.L.C." The state court entered a default judgment in favor of Plaintiff on December 16, 2014.

Chase Home Finance ceased to exist on May 1, 2011 when it merged with and into

JPMorgan Chase.  JPMorgan Chase, the surviving entity after the merger, removed the action to this Court and moved to set aside the default judgment on the ground it had not been properly served.  By Order dated April 20, 2015, this Court granted Defendant's Motion for Relief from Final Judgment and vacated the default judgment entered in this action by the 408th Judicial District Court for Bexar County (Clerk's Dkt. #5).

Defendant now moves for summary judgment on Plaintiff's cause of action.

### STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).  The non-movant must respond to the motion by setting forth particular facts indicating there is a genuine issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).  "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted."  *Id*.

The parties may satisfy their respective burdens by tendering depositions, affidavits or other

competent evidence. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). Unsubstantiated or conclusory assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

## DISCUSSION

Plaintiff's response to the motion for summary judgment was due on May 26, 2015. *See* W.D. Tex. Local R. CV-7(e) (response to dispositive motion due not later than fourteen days after filing of motion). To date, Plaintiff has not filed any response. A court may grant an unopposed motion for summary judgment if the undisputed facts show the movant is entitled to judgment as a matter of law. *Day v. Wells Fargo Bank, N.A.*, 768 F.3d 435, 435 (5th Cir. 2014).

The evidence presented by Defendant in its motion for summary judgment shows that in 2007, Marven and Karen Sanchez (the "Homeowners") executed a promissory note (the "Note") and a deed of trust (the "Deed of Trust") in connection with their purchase of the Property, and that the Note and Deed and Trust are now held by Defendant following various assignments and a merger (SJM, Exs. 1-6). Defendant and the Homeowners entered into a loan modification agreement on June 18, 2013 modifying the terms of the Note, which agreement was filed and recorded in the Official Public Records of Bexar County, Texas on July 17, 2013 (SJM, Ex. 7).

According to the evidence, the Homeowners' failure to pay assessments to the Fox Glove Homeowners' Association (the "HOA") resulted in the HOA foreclosing on the Property (SJM, Ex. 8). Plaintiff purchased the Property at the HOA foreclosure sale on May 6, 2014 (SJM, Ex. 8). The Deed Following Foreclosure dated May 7, 2014 evincing Plaintiff's interest in the Property states the Property was conveyed to Plaintiff subject to "each and every superior lien and encumbrance" (SJM, Ex. 8). Under the express terms of the HOA's governing documents, a lien on the Property

by the HOA for unpaid assessments is subordinate to any purchase money mortgage lien (SJM, Ex. 9-2 ¶ 4.9).

Under Texas law, foreclosure does not terminate interests in the foreclosed property that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure sale takes title subject to the senior liens. *Coversion Props. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.–Dallas 1999, pet. denied). Based on the undisputed evidence, as the holder of the Note and the Deed of Trust, Defendant has a purchase money mortgage lien on the Property. Such lien is superior to the HOA's lien and, therefore, Plaintiff purchased and took title to the Property subject to Defendant's lien.

Plaintiff brought this action seeking the following:

(1) A declaratory judgment declaring Plaintiff as the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trusts relating to the Property, or subsequent assignments, as void and extinguished; and

(2) A judgment in favor of Plaintiff, thereby quieting title of the Property in favor of the Plaintiff as the sole owner of the Property in fee simple, without any liens or other encumbrances, and declaring all deeds of trusts relating to the Property, or subsequent assignments, as void and extinguished.

(Petition, ¶¶ 19, 22)

The Court finds, based on the undisputed evidence, that Plaintiff's interest in the Property is subject to Defendant's superior lien under the Note and Deed of Trust, and that Plaintiff's requests for declaratory relief and a judgment quieting title should be denied as a matter of law.

The Court notes that Plaintiff's petition asserts the Homeowners "executed a subordinate mortgage in favor of Chase Home Finance, L.L.C. on or about January 30, 2009, recorded in Vol. 13885, Page 1063 of the Bexas County Deed Records," and that any lien created thereby is subordinate to the HOA lien. (Petition, ¶¶ 11, 16) Defendant makes no mention of this lien in its motion. However, in light of the Court's finding that Defendant holds a purchase money mortgage lien superior to the HOA lien, the relief requested by Plaintiff must be denied as a matter of law.

Whether or not Defendant also holds a subordinate lien on the Property is extraneous and does not change the analysis.

The Court also notes that Plaintiff seeks, in the alternative to the aforementioned relief, a declaratory judgment regarding the applicable payoff amount on the Note and Deed of Trust. Plaintiff is neither a party to the Deed of Trust nor a debtor on the underlying loan, and is therefore not entitled to such information.  *402 Lone Star Prop., LLC v. Bank of Am., N.A.*, 2014 Tex. App. LEXIS 8758 at 8-9 (Tex. App.–Austin Aug. 12, 2014, no pet. h.); *See also DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp.2d 567, 579 (W.D. Tex. 2012).

Accordingly, the Court finds there is no genuine issue as to any material fact, and Defendant is entitled to summary judgment in this action.

**IT IS THEREFORE ORDERED** JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment (Clerk's Dkt. #8) is hereby **GRANTED**, and all of the claims of Plaintiff Kingman Holdings, LLC, as Trustee of the Foothills Pine 20923 Land Trust, are hereby **DISMISSED WITH PREJUDICE**.

**SIGNED** on July 31, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE